UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:   2:25-cv-11316-AB-SK | Date:   February 24, 2026 |
| --- | --- |

| Title:   *John Taglioli v. The Hertz Corporation et al.* |
| --- |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| --- | --- |

| Evelyn Chun | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 15]**

Before the Court is Plaintiff John Taglioli's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 15).   Defendant Polestar Automotive USA, Inc. ("Defendant") filed an opposition and Plaintiff filed a reply.   Defendant The Hertz Corporation filed a Joinder in the opposition.   For the following reasons, the Motion is **GRANTED**.

### DISCUSSION

First, the Court declines to strike Plaintiff's Motion on the ground that Plaintiff did not sufficiently meet-and-confer under Local Rule 7-3.   The parties exchanged emails, but it appears they did not truly meet and confer: Plaintiff appears to not have engaged with Defendant's authorities that show that several of Plaintiff's arguments are erroneous.   Had Plaintiff done that, at least some aspects of the Motion could have been avoided, and others refined.   This would have avoided burdening the Court with unnecessary issues.   However, because this Motion challenges the Court's subject matter jurisdiction, the Court will resolve it.

Defendant removed the action to this Court based on diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Plaintiff argues that Defendant has not established either complete diversity of the parties or that the amount in controversy is satisfied.

The Court concludes that Defendant has established complete diversity. Defendant's Amended Notice of Removal ("Am. NOR," Dkt. No. 11) points out that Plaintiff's state court Complaint alleges that he is a resident of California, and Defendant thereafter alleges on information and belief that Plaintiff is a citizen of California.   *See* Am. NOR ¶ 12(B), (D). "[A] defendant's allegations of citizenship may be based solely on information and belief," and such allegations are "sufficient—at least in the absence of a factual or as-applied challenge." *Ehrman v. Cox Communications, Inc*., 932 F.3d 1223, 1227 (9th Cir. 2019).   Plaintiff does not factually challenge Defendant's jurisdictional allegations—he does not deny that he is a citizen of California; instead, he asserts a facial challenge to the legal adequacy of Defendant's Amended Notice of Removal.   A facial challenge "accepts the truth of the [removing party's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"   *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).   Accordingly, a facial challenge does not require the removing part to present evidence because the truth of the allegations is assumed.   Here, Defendant alleges that Plaintiff is a citizen of California.   Assuming the truth of that allegation, Defendant has established that Plaintiff is a citizen of California and does not need to prove that up with evidence.

Plaintiff also argues that Defendant did not establish either its own or Hertz's citizenship.   Again, this is not a factual challenge but a facial challenge.   The Amended Notice of Removal appropriately alleges both Defendants' citizenship, and if there were any doubt, Defendant filed with its opposition evidence substantiating its allegations.   Plaintiff appears to recognize this is sufficient, as his reply does not press the issue.

Defendant has therefore properly alleged the citizenship of all parties, and they are completely diverse.

But Defendant has not established that the amount in controversy is satisfied. Where, as here, the state court complaint does not plead a specific dollar figure, a removing defendant may allege the amount in controversy in the notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii).   "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by

the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If the amount is contested, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Once "both sides submit proof . . . the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1198. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197.

Here, Defendant did not file any evidence in its opposition, but neither did Plaintiff file any with its opening memorandum or reply. Defendant instead argues that, as a matter of common sense, the allegations of Plaintiff's Complaint (Dkt. No. 11-2) show that the amount in controversy is satisfied. These allegations are that while Plaintiff was driving for Uber, the vehicle he rented from Hertz "suddenly and unexpectedly accelerated without any driver input," that the vehicle "crashed into a residential structure, causing extensive property damage and serious bodily injury to plaintiff," that "several critical [safety] systems failed" including that the airbags failed to deploy, and that as a result, "Plaintiff was violently thrown into the steering wheel, causing severe physical injuries." Compl. ¶¶ 6-11. Plaintiff seeks general damages, special damages including lost earnings and medical expenses, punitive damages, and costs and interest. Defendants argue that, as a matter of common sense, allegations of such injuries and those damages categories put more than $75,000 in issue.

This a close call. First, the Court will not consider attorneys' fees as part of the amount in controversy: the Complaint does not seek attorneys' fees, and Defendant merely speculates that Plaintiff's claim for breach of the implied warranty may be under the Song-Beverly Act, which could put attorneys' fees in issue. Second, the cases Defendant relies on for the argument that the injury allegations here show that the amount in controversy is satisfied all involve far more specific allegations of clearly very severe injury. *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. 2015) ("[B]ased on Plaintiff's allegations of a recurred umbilical hernia, small bowel obstruction, kidney damage, required surgery, permanent scarring, a four-day hospital stay, 'severe and permanent bodily injuries,' as well as 'significant mental and physical pain and suffering,' the Court finds it is still more likely than not that the amount in controversy exceeds $75,000.") Defendant also relies on *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291 (E.D. Cal. 2006), but there the Court found the amount in controversy satisfied based

not just on the categories of damages and factual allegations of the complaint, but also on a police officer's collision report describing the specific injuries that the plaintiffs suffered and the emergency care they received. *See Campbell*, 2006 WL 707291, at *2 ("complaint seeks compensatory damages for wage loss, loss of use of property, hospital and medical expenses, general damage, property damage and [loss] of earning capacity," and collision report indicated "'severe injury' for both plaintiffs… [including] 'head trauma, broken right arm, broken wrist, deep laceration to lower left leg.' Ms. Green was transported by air to Kern Medical Center and she was unable to provide a statement. … Cambpell suffered a 'complaint of pain in chest, back, possible fractured collarbone and both arms possibly broken.'") Here, the Complaint is devoid of factual details explaining what Plaintiff's actual injuries were, or what treatment he sought. The Complaint alleges only "serious bodily injury." What this means is unclear. Nor are there any facts whatsoever that would permit even an estimate of what Plaintiff's lost earnings or medical expenses would be. The Court therefore concludes that it is a matter of speculation and conjecture whether Plaintiff's claims, including the claim for punitive damages, put more than $75,000 in issue.

Defendant contends that Plaintiff has manufactured an "absence of evidence" by withholding damages information and has used that absence as a basis for remand. But in California, defendants in personal injury cases can overcome such tactics by serving on the plaintiff a request for a statement of damages, which the plaintiff must respond to within 15 days. *See* Cal. Code Civ. Proc. § 425.11. Had Defendant done this, it could have ascertained the amount in controversy and then removed the action if appropriate.

As it appears that Defendant prematurely removed without availing itself of a simple state-court mechanism to determine the amount in controversy, the Court declines to permit jurisdictional discovery. To do so under these circumstances would invite premature removals and avoidable motion practice.

Given "[t]he 'strong presumption' against removal jurisdiction…. [i]f any doubt exists as to the right of removal, federal jurisdiction must be rejected." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.") Because Defendant has not established that the amount in controversy is satisfied, the Court **GRANTS** the Motion and **REMANDS** this action to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**. The Clerk's Office is **ORDERED** to **REMAND** this action to the state court from which it was removed.

**IT IS SO ORDERED**.